UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| ERIC RODNEY HILL, | ) | |
| Petitioner, | ) ) ) | |
| v. | ) ) | Civil Action No. 24-0035 (UNA) |
| J. JAMISON, | ) ) ) | |
| Respondent. | ) ) | |

### MEMORANDUM OPINION

This matter is before the Court on consideration of Eric Rodney Hill's application to proceed *in forma pauperis* (ECF No. 2), motions for an extension of time (ECF No. 4) and for a hearing (ECF No. 5), and a petition for a writ of habeas corpus (ECF No. 1). The Court GRANTS the application, DENIES the petition, and DISMISSES the motions as moot.

Petitioner, who currently is designated to the Federal Correctional Institution in Otisville, New York, is serving a prison sentence imposed by the Superior Court of the District of Columbia following his conviction of assault with significant bodily injury while armed. *See* Pet. at 2 (page numbers designated by CM/ECF). Generally, petitioner challenges the criminal charges brought against him, the criminal proceedings themselves, his legal representation at trial, the conduct of the presiding judge, and resulting conviction and sentence. *See id*. at 5-6, 8-9; *see also id*., Ex. (ECF No. 1-1) at 1-9. He asks this Court to overturn his conviction. *Id*. at 16.

The Court must deny the petition for two reasons. First, because petitioner is a District of Columbia Code offender, a challenge to his conviction and sentence must be brought before the Superior Court under D.C. Code § 23-110, which in relevant part provides:

1

> A prisoner in custody under sentence of the Superior Court claiming the right to be released upon the ground that (1) the sentence was imposed in violation of the Constitution of the United States or the laws of the District of Columbia, (2) the court was without jurisdiction to impose the sentence, (3) the sentence was in excess of the maximum authorized by law, (4) the sentence is otherwise subject to collateral attack, may move the court to vacate, set aside, or correct the sentence.

D.C. Code § 23-110(a).  This petitioner has no recourse in federal court "if it appears that [he] has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009); *Garris v. Lindsay*, 794 F.2d 722, 727 (D.C. Cir. 1986).  Petitioner has made no such showing.

Second, insofar as petitioner demands review, revision, or reversal of the rulings of the District of Columbia courts, this Court lacks jurisdiction to do so.  *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (relying on *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983) and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994), *cert. denied*, 513 U.S. 1150 (1995).

An Order is issued separately.

DATE: January 29, 2024                                         CHRISTOPHER R. COOPER
                                                                                        United States District Judge